IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| TOM PATTISON,<br><br>　　Plaintiff,<br><br>　　v.<br><br>GREAT-WEST FINANCIAL RETIREMENT PLAN SERVICES, LLC,<br><br>　　Defendant/Third-Party Plaintiff,<br><br>　　v.<br><br>COMPUTER CONSULTING SERVICES OF AMERICA, INC. d/b/a CLIENTSOLV TECHNOLOGIES,<br><br>　　Third-Party Defendant. | Case No. 17-2136-CM |

**MEMORANDUM AND ORDER**

This matter comes before the court on third-party defendant Computer Consulting Services of America, Inc. d/b/a ClientSolv Technologies' Motion to Dismiss Third-Party Complaint and to Compel Arbitration (Doc. 32). Third-party defendant claims its agreement with third-party plaintiff Great-West Financial Retirement Plan Services, LLC contains an arbitration clause, and therefore this court does not have subject matter jurisdiction over the third-party complaint. For the reasons discussed below, the court denies the motion.

**I.   Background**

In 2006, third-party plaintiff entered into a contract with Corporate Employment Resources, Inc. ("CoreStaff") in which CoreStaff agreed to provide temporary workers to third-party plaintiff. On June 28, 2010, CoreStaff and third-party defendant entered into an agreement ("the 2010 agreement") under which third-party defendant agreed it would supply temporary workers to third-party plaintiff. This

-1-

agreement contained an arbitration clause which stated that all disputes arising under the agreement were subject to arbitration.  In October 2015, third-party defendant placed plaintiff Tom Pattison ("Pattison") as a temporary employee with third-party plaintiff.  Pattison and third-party defendant had an employment agreement which contained an arbitration provision.  On March 2016, CoreStaff and third-party defendant entered into another contractual agreement ("the 2016 agreement") in which CoreStaff subcontracted its temporary services provision to third-party defendant.  Third-party plaintiff is an express third-party beneficiary to the agreement. This agreement also contained an arbitration clause, however, unlike the 2010 agreement, the 2016 arbitration clause stated that all disputes were subject to arbitration except . . . for causes of action involving third-party plaintiff as a party.

Third-party plaintiff terminated Pattison's temporary employment on August 25, 2016.  Pursuant to the arbitration clause in his employment agreement, Pattison submitted a demand for arbitration to third-party plaintiff, alleging his employment had been wrongfully terminated.  Third-party plaintiff then requested indemnification from third-party defendant pursuant to the indemnification provision in the 2016 agreement.  Third-party defendant rejected the demand for indemnification.  Pattison's demand for arbitration against third-party plaintiff, however, was dismissed on the grounds that third-party plaintiff was not subject to the arbitration provision because it was not a signatory to the employment agreement.

Pattison then filed a petition against third-party plaintiff in Johnson County District Court on February 6, 2017, alleging statutory and common law claims arising from his termination.  The case was removed to this court on March 3, 2017.  Third-party plaintiff renewed its demand for indemnification to third-party defendant pursuant to the 2016 agreement.  Third-party defendant again rejected this demand. On July 7, 2017, third-party plaintiff filed its third-party complaint alleging breach of contract for refusing to indemnify it in the action filed by Pattison.  Third-party defendant then submitted a

demand for arbitration on the breach of contract claim based on the arbitration clause in the 2010 agreement.

## II. Legal Standards

The Federal Arbitration Act ("FAA") establishes a "federal policy favoring arbitration" and courts are required to "rigorously enforce agreements to arbitrate." *Shearson/Am. Exp., Inc. v. McMahon*, 482 U.S. 220, 226 (1987). Under the FAA, a district court should compel arbitration when (1) a valid arbitration agreement exists between the parties, and (2) the dispute before the court falls within the scope of the arbitration agreement. 9 U.S.C. § 2 ("A written provision . . . to settle by arbitration a controversy thereafter arising out of such contract or transaction . . . shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract."); *Id.* at § 3 ("If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending . . . shall . . . stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement . . . ."); *see also Olathe Senior Apts., L.P. v. Ace Fire Underwriters Ins., Co.*, No. 04-2346-CM, 2005 U.S. Dist. LEXIS 43449, at *11 (D. Kan. Sept. 30, 2005) (outlining two-step approach).

"Defendant bears an initial summary-judgment-like burden of establishing that it is entitled to arbitration." *Phox v. Atriums Mgmt. Co., Inc*., 230 F. Supp. 2d 1279, 1282 (D. Kan. 2002). The court applies ordinary state-law principles that govern the formation and interpretation of contracts when evaluating whether the parties have agreed to arbitrate a particular dispute. *Hardin v. First Cash Fin. Servs., Inc.*, 465 F.3d 470, 475 (10th Cir. 2006); *Summit Constrs., Inc. v. Legacy Corner L.L.C.*, 147 F. App'x 798, 801 (10th Cir. 2005).

## III. Analysis

Third-party defendant moved to dismiss third-party plaintiff's third-party complaint and to compel arbitration, arguing third-party plaintiff's breach of contract claim falls within the scope of the arbitration clause in the agreement to which third-party plaintiff is a third-party beneficiary. Third-party defendant claims the 2010 agreement applies to this dispute because Pattison was hired before the 2016 agreement was signed and the language of the arbitration provision included in the 2016 agreement indicates a clear intent that it is to apply only to workers placed by third-party defendant after March 24, 2016.

The 2010 agreement between CoreStaff and third-party defendant, entered into for the purpose of providing temporary employment services to third-party plaintiff, includes an arbitration clause which provides:

> 10.9. *Arbitration.* The parties agree that in all disputes arising under this Agreement (except for breaches of the Agreement for which injunctive relief is an appropriate remedy) shall be subject to arbitration. Such arbitration shall be conducted under the commercial arbitration rules of the American Arbitration Association. Any arbitration award shall be final and not subject to appeal, and may be entered in any court having jurisdiction. No arbitrator shall have any authority to award damages in excess of those specified in this Agreement.

(Doc. 33-1, at 16.)

Third-party plaintiff, however, argues that the 2016 agreement—also between CoreStaff and third-party defendant for the purpose of providing temporary employment services to third-party plaintiff—applies because it was the operative contract at the time Pattison's cause of action accrued for which third-party plaintiff seeks indemnification. The arbitration clause in the 2016 agreement states:

> 11.9. *Arbitration.* The parties agree that in all disputes arising under this Agreement (except for breaches of the Agreement for which injunctive relief is an appropriate remedy or for causes of action involving Customer as a party) shall be subject to arbitration. Such arbitration shall be conducted under the commercial arbitration rules of the American Arbitration Association. Any arbitration award shall be final and not subject to appeal, and may be entered in any court having jurisdiction. No arbitrator shall have any authority to award damages in excess of those specified in this Agreement.

(Doc. 38-1, at 34.)

The "customer" referred to in the clause is third-party plaintiff. Third-party plaintiff therefore claims that it is not subject to the arbitration clause in the 2016 agreement and argues third-party defendant has not met its burden of proving the 2010 agreement is the operative agreement. Third-party plaintiff notes that the 2016 agreement was drafted with the intention that it was to "supersede all prior or contemporaneous understandings and agreements." (Doc. 38-1, at 34–35.)

Third-party defendant has not met its burden to show that the 2010 contract was the operative contract. The 2016 agreement, signed on March 24, 2016, expressly stated it effectively superseded the 2010 agreement. And although Pattison was placed with third-party plaintiff when the 2010 agreement was in effect, he was terminated on August 25, 2016—well after the 2016 agreement went into effect. His cause of action for wrongful termination, for which third-party plaintiff seeks indemnification, therefore accrued when the 2016 agreement was in in effect. After Pattison filed the present case, third-party plaintiff—believing it was contractually entitled to indemnification—looked for relief in the contract that was in place when it was sued by Pattison. Absent some express instruction in the contract, the court finds no reason why the contract that was in place when Pattison was placed by third-party defendant should apply over the contract that was in place when Pattison's wrongful termination claim accrued and when third-party plaintiff sought indemnification for that claim. The court therefore finds

that third-party defendant has not met its burden to show that the arbitration clause in the 2010 agreement applies to third-party plaintiff's breach of contract claim.

**IT IS THEREFORE ORDERED** that third-party defendant's Motion to Dismiss Third-Party Complaint and to Compel Arbitration (Doc. 32) is denied.

Dated March 7, 2018, at Kansas City, Kansas.

s/ Carlos Murguia
**CARLOS MURGUIA**
**United States District Judge**