**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

TOM PATTISON,

    **Plaintiff,**

    v.

GREAT-WEST FINANCIAL RETIREMENT
PLAN SERVICES, LLC,

    **Defendant.**

Case No. 17-2136-CM

## MEMORANDUM AND ORDER

Plaintiff Tom Pattison filed suit against defendant Great-West Financial Retirement Plan Services, LLC, for retaliatory termination. Defendant filed a Motion for Judgment on the Pleadings (Doc. 46) on September 6, 2017. Plaintiff filed a Motion for Extension of Time to File Response as to defendant's motion nearly seven months after it was due. (Doc. 65.) The court denied the motion and will consider defendant's motion as uncontested pursuant to D. Kan. Rule 7.4(b). The court, however, cannot grant defendant's motion solely based on plaintiff's failure to respond. *See Issa v. Comp USA*, 354 F.3d 1174, 1177–78 (10th Cir. 2003) ("[E]ven if a plaintiff does not file a response to a motion to dismiss for failure to state a claim, the district court must still examine the allegations in the plaintiff's complaint and determine whether the plaintiff has stated a claim upon which relief can be granted.").

### I. Background

The following facts are summarized from those set forth in plaintiff's complaint. Plaintiff claims he was employed by Great-West prior to this suit. In August 2016, plaintiff took time off work to obtain legal relief from his domestic abuser. On August 25, 2016, police arrived at plaintiff's place

-1-

of work to discuss the domestic abuse situation.  Shortly thereafter, plaintiff's supervisor and human resources representatives met with plaintiff and terminated him.

On March 3, 2017, plaintiff filed suit against defendant for retaliatory termination, claiming defendant violated K.S.A. § 44-1132, which prohibits employers from terminating employees in retaliation for the employee taking time off work to seek legal relief from a domestic abuser.  Plaintiff also alleged defendant unlawfully terminated him in violation of a public policy exception to the Kansas employment-at-will doctrine.

Defendant removed the case to this court pursuant to 28 U.S.C. § 1331 and now moves for judgment on the pleadings on all claims.

**II.     Legal Standards**

When considering a Rule 12(c) motion for judgment on the pleadings, the court evaluates the motion under the same standard as a Rule 12(b)(6) motion to dismiss.  *Turner v. City of Tulsa*, 525 F. App'x 771, 772 (10th Cir. 2013).  Under Rule 12(b)(6), a court may dismiss a complaint for "failure to state a claim upon which relief can be granted."  Rule 8(a)(2) states that a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  To withstand a motion to dismiss under 12(b)(6), a complaint must contain "enough allegations of fact, taken as true, 'to state a claim to relief that is plausible on its face.'"  *Khalik v. United Air Lines*, 671 F.3d 1188, 1190 (10th Cir. 2012) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)).  A claim is plausible when "the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009).  When the complaint contains well-pled factual allegations, a court should "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

**III.    Analysis**

<u>a. Claim Pursuant to K.S.A. § 44-1132</u>

Plaintiff first claims he was unlawfully terminated under K.S.A. § 44-1132 because he took time off work to seek legal relief from his domestic abuser. Defendant argues this claim should be dismissed because K.S.A. § 44-1132 does not provide a private right of action.

Whether a private right of action exists under a statute is a question of law. *Pullen v. West*, 92 P.3d 584, 594 (Kan. 2004). In the absence of express provisions, Kansas courts generally use a two-part test to determine whether the legislature implicitly intended to provide a private right of action: (1) the statute must be designed to protect a specific group of people rather than to protect the general public, and (2) the court must interpret the plain meaning of the text and review legislative history to determine whether a private right of action was intended. *Id.*

K.S.A. § 44-1132 does not have an express provision providing a litigant a private right of action. K.S.A. § 44-1127, for example, states "any person aggrieved by an alleged violation of this act [referring to K.S.A. § 44-1126] may bring *a civil action in the district court*. . . ." (emphasis added). There is no express statement like K.S.A. § 44-1127 in K.S.A. § 44-1132. The legislature did not include an express provision providing a litigant a private right of action in K.S.A. § 44-1132.

Because no express provision exists, the court must apply the two-part test. First, K.S.A. § 44-1132 was intended to protect a specific group of people rather than the general public. K.S.A. § 44-1132 states in part:

> (a) An employer may not discharge or in any manner discriminate or retaliate against an *employee who is a victim of domestic violence or a victim of sexual assault* for taking time off from work.

K.S.A. § 44-1132(a) (emphasis added). The legislature intended to protect employees who were victims of domestic violence or sexual assault. Therefore, K.S.A. § 44-1132 was intended to protect a specific group.

Second, the legislature did not implicitly intend to allow a litigant a private right of action under K.S.A. § 44-1132. The plain meaning of the text suggests there is no private right of action. K.S.A. § 44-1133 states:

> The secretary of labor shall enforce K.S.A. § 44-1131 and § 44-1132, and amendments thereto, and may adopt rules and regulations necessary to implement the provisions of K.S.A. § 44-1132, and amendments thereto.

The text of the statute plainly reads that a violation of K.S.A. § 44-1132 shall be reported to the secretary of labor. The plain meaning of the text suggests the enforcement of K.S.A. § 44-1132 was not intended for a private litigant, but rather for an administrative branch of the Kansas government.

Moreover, the legislative history of K.S.A. § 44-1132 suggests the legislature did not intend to provide a private right of action because the legislature had several opportunities to provide a private right of action, but has not done so. In 2006, K.S.A. § 44-1132 was enacted, and in 2008 SB 612 was introduced to fix the problems of K.S.A. § 44-1132. As a result, K.S.A. § 44-1133 was enacted, which provided the Kansas secretary of labor the authority to enforce K.S.A. § 44-1132. Therefore, the legislature did not implicitly allow a private right of action because the legislature had several opportunities to provide such a right and did not. Instead, the legislature delegated enforcement of K.S.A. § 44-1132 to the Kansas secretary of labor. For these reasons, the court finds K.S.A. § 44-1132 does not allow a private right of action. Defendant is entitled to judgment on the pleadings as to plaintiff's claim under K.S.A. § 44-1132.

### b. Public Policy Claim

Plaintiff alleges that defendant violated Kansas public policy when he was terminated for taking time off work to seek legal relief from a domestic abuser. Defendant argues that while Kansas has recognized public policy exceptions to the employment-at-will doctrine, there is no public policy exception that applies to these circumstances.

Kansas is an employment-at-will state, which allows an employer or employee to unilaterally terminate the employment relationship for any cause or no cause at all, unless there is an express or implied provision in a contract to the contrary. *Campbell v. Husky Hogs, L.L.C.*, 255 P.3d 1, 3 (2011). However, Kansas has recognized exceptions to the employment-at-will doctrine when an employee is terminated in violation of public policy. *Id.*

Over the past 30 years, Kansas has recognized four common-law public policy exceptions: (1) whistleblowing, (2) exercising a public employee's First Amendment right to free speech, (3) an employee filing a claim under the Federal Employers Liability Act (FELA), and (4) most recently an employee filing a claim under the Kansas Wage Payment Act (KWPA). *Id. see also Palmer v. Brown,* 752 P.2d 685 (1988) (whistleblowing based on good-faith reporting of coworkers' or employer's infraction pertaining to public health and safety); *Hysten v. Burlington N. Santa Fe Ry. Co.,* 108 P.3d 437 (2004) (FELA); *Larson v. Ruskowitz,* 850 P.2d 253 (1993) (retaliatory discharge claim when a public employee is terminated for exercising First Amendment rights to free speech on an issue of public concern).

Defendant is correct that there currently are no public policy exceptions that would apply to the facts of this case. To determine whether public policy exceptions should be expanded, a court must decide whether the public policy exception is clearly declared by the constitution, statutory enactments, or the courts, and is "so united and so definite and fixed that its existence is not subject to any substantial doubt." *Campbell*, 255 P.3d at 5.

In the present case, the court could infer that by passing K.S.A. § 44-1132, the Kansas Legislature intended to protect a class of individuals from termination resulting from discrimination or retaliation for taking time off work to address circumstances resulting from domestic abuse. This court, however, has declined invitations to recognize new exceptions "in the absence of a more

-5-

definitive statement from Kansas courts or the Kansas Legislature of a public policy in Kansas to make a wrongful discharge cause of action available in this context." *Pierce v. Engle*, 726 F. Supp. 1231, 1235 (D. Kan. 1989). While the court is persuaded that a public policy exception may be appropriate in this circumstance, the court believes it is the province of the state courts and legislature to definitively make that determination. Because there is currently no public policy exception to the Kansas employment-at-will doctrine that would apply to the facts of this case, the court finds judgment on the pleadings is appropriate.

**IT IS THEREFORE ORDERED** that defendant's Motion for Judgment on the Pleadings (Doc. 46) is granted.

Dated July 10, 2018, at Kansas City, Kansas.

    s/ Carlos Murguia
**CARLOS MURGUIA**
**United States District Judge**